MEMORANDUM *
Netscape Communications Corporation and its parent company, America Online, (collectively, “AOL”) appeal the district court’s grant of summary judgment in favor of St. Paul Mercury Insurance Company. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.
As an initial matter, the district court correctly determined that the claims against AOL were “personal injury offenses” and within the policy’s coverage. The policy covered claims alleging that AOL had made known to any person or organization material that violated a person’s right of privacy. Although the underlying claims against AOL were not traditional breach of privacy claims, given that coverage provisions are broadly construed, see AIU Ins. Co. v.Super. Ct., 51 Cal.3d 807, 274 Cal.Rptr. 820, 799 P.2d 1253, 1264 (1990), the underlying complaints sufficiently alleged that AOL had intercepted and internally disseminated private online communications. While some cases have stated that coverage is triggered by a disclosure to a third party, they do so in dicta while deciding whether the personal injury clause covers invasion of “seclusion privacy” claims. See, e.g., ACS Sys., Inc. v. St Paul Fire & Marine Ins. Co., 147 Cal.App.4th 137, 53 Cal.Rptr.3d 786, 795-96 (Cal.Ct.App.2007). They do not address the policy’s language covering disclosure to “any” person or organization, which we find dispositive.
Although the district court correctly determined that the claims were “personal injury offenses,” it erred in how it interpreted the policy exclusion for “providing internet access to 3rd parties.” Because “Internet access” is commonly equated with a working Internet connection, the district court interpreted this exclusion too broadly. The SmartDownload utility does not provide an Internet connection, and, in fact, is useless without one; AOL therefore did not provide Internet access in making the SmartDownload utility available. Since the other enumerated activities included in the “online activities” exclusion also do not apply to the Smart-Download program, we reverse the district court’s grant of summary judgment and remand for further proceedings.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.